■ KYMBERLY HIGGINS-BARBER, Plaintiff, v RAFFLES INTERNATIONAL et al., Defendants and Third-Party Plaintiffs-Appellants. QUALITY ENCLOSURES, INC., Third-Party Defendant-Respondent. [826 NYS2d 238]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered April 6, 2006, which granted the motion by third-party defendant for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

Third-party defendant made an uncontroverted showing that it neither installed nor maintained the shower door or its component parts, including the roller assembly. The sole submission by third-party plaintiffs in opposition was the affidavit of the construction manager during the renovation of the hotel in the mid-1990s, when the shower door was purportedly installed. This failed to raise an issue of fact as to whether perceived defects years earlier had contributed in any way to the occurrence of the alleged accident (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Concur—Friedman, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TORRES, Appellant. [824 NYS2d 709]—Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered February 11, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 2½ to 7½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification and credibility. Concur—Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ.